HIGGINS, Defendant in Error, v. DELLINGER, Plaintiff in Error.

1. A party who is compelled to pay a note which he signed as security for another, who gave it for money borrowed by him as *agent* for a third party, may recover the amount directly from him for whom the money was borrowed ; and it makes no difference that the agent did not disclose his agency, or that the money was loaned and the note signed by the security upon his individual credit.
2. A letter written by the party sought to be charged as principal, not denying his liability, but regretting his inability to meet the demand, is evidence sufficient to sustain a finding by a jury of the fact of agency, although written in answer to a letter falsely stating that he had signed the note.

*Error to Cole Circuit Court.*

Action for money paid by plaintiff to the use of the defendant, Frederick Dellinger.

At the trial, it appeared in evidence that in 1848 Samuel Dellinger applied to William C. Young, stating that his brother, the defendant, who was then in Virginia, had written requesting him to send him some money, and that he had none on hand, and desired to borrow. Young consented to loan him $300, and at his request enclosed a draft for that amount in a letter to the defendant. In the spring of 1849, Young applied to Samuel for security for the money loaned, who thereupon executed a bond for the amount, with plaintiff as security. At the foot of the bond, a blank was left opposite the first seal for the signature of the defendant, which, however, was never obtained. This bond was afterwards assigned by Young to W. P. Riggins, and was allowed as an offset in a suit brought by plaintiff against said Riggins. The present suit is brought to recover the amount thus paid by plaintiff.

26—VOL. XXII.

Young testified that he loaned the money to Samuel Dellinger upon his individual responsibility, and did not know the defendant in the transaction. He did not know whether Samuel owed the defendant that amount, or whether he loaned it to him. He had previously heard him say that the defendant had an interest in the estate of a deceased brother, who died in Pulaski county, Missouri.

The plaintiff read in evidence two letters from defendant to him, expressing regret at his inability to relieve him from the payment of the bond given to Young and a desire that an arrangement previously made that the money should be paid out of his share in the estate of his deceased brother might be carried out.

The defendant, in rebuttal, read in evidence a letter from the plaintiff to himself, in reply to which the two letters above referred to were written, in which it was stated that the note given to Young was signed by the defendant.

The Circuit Court gave the following instructions asked by plaintiff, to which the defendant excepted:

1. If defendant procured Samuel Dellinger to get the money for him, and got Young to send it to him, and he received it, the jury must find for the plaintiff, and may allow interest; and in such case, it can make no difference that Samuel gave his own note for the money, with plaintiff as security.

3. If the money was borrowed by Samuel Dellinger for the defendant, the fact that Young looked to Samuel and the plaintiff alone for payment can not prevent a recovery against the defendant.

The court gave the following instruction, of its own motion, to which the defendant excepted: "If the jury believe from the evidence that Samuel Dellinger borrowed the money loaned by William C. Young for himself, and not as agent of the defendant, and the said Samuel loaned it to the defendant, and that Samuel Dellinger, as principal, and the plaintiff as security, gave their bond to Young for the amount, the estate of

Samuel Dellinger is liable to the plaintiff for the amount of said debt, and not the defendant."

There was a verdict for the plaintiff.

*M. M. Parsons,* for plaintiff in error.

*White* and *Gardenhire,* for defendant in error, cited Story on Agency, § 58, 59.

LEONARD, Judge, delivered the opinion of the court.

If Samuel Dellinger borrowed the money as the agent of his brother Frederick, and afterwards, to secure its repayment, gave his own note, with the plaintiff as his security, who subsequently paid the money, it was the duty of the defendant to refund it to the plaintiff, and the law will imply a promise between these parties to that effect; and if this were so, it is quite immaterial in this case that the agent did not divulge his agency, or the name of his principal, or that the money was loaned originally by Young, and the contract of suretiship subsequently entered into by Higgins, upon the individual credit of Samuel Dellinger. If, however, Samuel Dellinger borrowed the money for himself, either to pay a debt he owed his brother, or to make a loan to him, then Frederick was not liable to the plaintiff, but to his brother's estate. This, we think, is the law of the case, and substantially the instruction the court gave the jury, and there is no ground for disturbing the judgment.

In Story on Agency, § 270, it is said: "If the agent contracts in such form as to render himself personally responsible, he can not afterwards, whether his principal be or be not known at the time of the contract, relieve himself of that responsibility. But, although the agent may thus bind himself personally, yet this by no means shows that the principal may not also be bound as a party to the contract through his agent; for there is no doubt that parol evidence is admissible in behalf of one of the contracting parties to show that the other was an agent only in the sale, although contracting in his own name, so as to fix the real principal." In Hopkins v. Lacouture, (4

La. An. Rep. 64,) Porter, justice, in delivering the opinion of the court, after referring to some common law authorities upon the question how far a power executed in the name of the agent bound his principal, remarks : " Be the rule, however, as it may be in that system of law under which these opinions were expressed, we apprehend it is clear in ours that a power executed by an agent in his own name, does bind the principal when he acts in the business entrusted to him, and according to the power conferred. The liability of the principal depends on the act done, and not on the form in which it is executed. The only difference is, that when the agent contracts in his own name, he adds his personal responsibility to that of the person who has empowered him." And these remarks are adopted by Story, with approbation, in the section before referred to. In Higgins v. Senior, (8 Mees. & Welsb. 440,) Mr. Baron Parke said, in delivering the opinion of the court, " There is no doubt, when an agreement is made, it is competent to show that one or more of the parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand to, and charge with liability on the other, the unnamed principal, and this, whether the agreement be or be not required to be in writing by the statute of frauds ; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind, but shows that it also binds another, by reason that the act of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal." The principle of these cases is the same as of a dormant partner, where, though the person furnishing goods to the ostensible partners intended at the time to give credit to them only, yet he may afterwards pursue his remedy against the dormant partner, when discovered.

It is said to be impossible to reconcile the American cases upon the question of the liability of the principal, when the obligation is executed in the name of the agent only ; and if the instrument here given, to secure the repayment of the money,

were, as it appears on its face to have been, a bond, it, of
course, was not obligatory as such on the defendant. We
think, however, that this is not at all material in the present
case, and that, looking to the substance of the transaction, we
may disregard the form in which it was clothed, and hold that,
if the money were borrowed through his agent, upon an obli-
gation that could have been enforced against the agent only,
that as he would have been bound in that case to have indemni-
fied his agent, he was equally bound to indemnify the agent's
security ; and that the request of the agent to the plaintiff, to
enter into this contract of suretiship, may very well be consid-
ered as the request of his principal, from which to imply a
promise on his part to indemnify the security.

It is insisted, however, that there was no evidence of agency
to warrant the instructions the court gave, or to justify the find-
ing of the jury ; but we think otherwise.   The money was for-
warded to the defendant as soon as it was borrowed : he re-
ceived it, and used it; and when afterwards informed that his
name was on the note for its repayment, and he was called
upon as the real debtor to pay, so far from denying his liabi-
lity, he expressed his regret at his inability to meet it.   These
letters, however, it seems, were in answer to one in which it
was falsely suggested that *he had signed the note ;* but certain-
ly this does not diminish the force of the implied admission, so
clearly made in them, that the money was borrowed for his use,
and that he was the party who ought to repay it.   He might
forget whether he had signed the note given for money his bro-
ther had borrowed for him ; but we can hardly suppose that,
upon the false suggestion of this letter, he could be led into the
belief that the money for which the note was given was bor-
rowed for him, and ought to be repaid by him, if the fact were
altogether otherwise.   Indeed, these letters show, we think,
quite satisfactorily, that Samuel Dellinger borrowed the money,
not to pay any debt due from him to his brother, but as his
brother's agent, in anticipation however, and under the expec-
tation entertained by both, that it would be refunded out of

Frederick Dellinger's share in his deceased brother's estate. We are satisfied that justice has been administered between these parties according to law. Judge Ryland concurring, the judgment is affirmed.