# ADRIATIC FIRE INSURANCE COMPANY *v.* TREADWELL.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Decided April 30th, 1883.

*Contract.*

Several insurance companies having policies on the same property agreed to-
gether to defend against claims for insurance, by a written instrument
of which the following is the material part : the said companies will unite
in resisting the claim made upon said policies, and on each thereof, and
in the defence of any and all suits and legal proceedings that have been or
may be instituted against any of said companies upon any of said policies,
and will, when and as required by the committee hereinafter mentioned,
contribute to and pay the costs, fees, and expenses of said suits and pro-
ceedings *pro rata ;* that is to say, each company shall pay such proportion
of said costs, fees, and expenses as the amount insured by said company
shall bear to the whole amount insured on said property by all the com-
panies subscribing to this agreement. The management and conduct of
said resistance to said claims and defence of said suits and proceedings
shall be and is fully entrusted to and devolved upon a committee to be
composed of W. H. Brazier and James R. Lott, of the city of New York,
Charles W. Sproat, of the city of Boston, L. S. Jordan, of the city of Bos-
ton, which committee shall have full power and authority to employ coun-
sel and attorneys to appear for said companies and each thereof, and defend
said suits and legal proceedings, and to employ other persons for other ser-
vices relative thereto, and to assess upon and demand and receive from
such companies, from time to time, as such committee shall deem proper,
such sum or sums of money for the compensation of such counsel and at-
torneys, and such other persons, and all other expenses of such defence of
said suits as said committee shall deem necessary and expedient ; such as-
sessment upon and payment by each of said companies to be *pro rata,* as
above mentioned. The committee named in the agreement communicated
it to the defendant in error, and employed him as counsel in resisting the
suits. On a suit for professional service brought by him against the com-
panies jointly : *Held,* That any contract there may have been between him
and the companies was several not joint.

Action by defendant in error, who was plaintiff below, to re-
cover $15,000 for professional services claimed to have been ren-
dered to the plaintiffs in error jointly. The defence was that
the contract was several. The agreement between the companies

on which the alleged joint contract was founded appears in the opinion of the court.    The court below held the contract to be joint, and gave judgment for the plaintiff below for $8,000. The defendants below sued out their writ of error and brought the case here.

*Mr. John E. Parsons* for plaintiff in error.
*Mr. Luther R. Marsh* and *Mr. William G. Wilson* for defendant in error.

Mr. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought by the defendant in error to recover compensation for professional services as an attorney and counsellor at law, rendered, as alleged, at the instance and request of the defendants in error, and each of them, as well as of sundry other corporations not inhabitants of the Southern District of New York or of the State of New York, nor found therein, and, therefore, not joined, as defendants below, in and about the defence of certain suits brought against several of them in Massachusetts, but in which all had a common interest, and for which it is alleged these companies, including the plaintiffs in error, jointly and severally promised to pay what said services were actually worth.

The cause was tried by a jury, and resulted in a verdict and judgment for the plaintiff below, to reverse which, for errors of law alleged to have occurred in the rulings of the court during the trial and presented in a bill of exceptions, this writ of error is prosecuted.

The plaintiff below put in evidence an agreement in writing, signed by fifteen insurance companies, including the defendants, a copy of which is as follows:

"In re Taylor, Randall & Company
            *versus*
The St. Paul Fire & Marine Insurance
            Company et als.

"The undersigned insurance companies, having policies outstanding issued to Taylor, Randall & Company, upon property at Central Wharf, Boston, upon which claims have been made against

said companies, do, in consideration of one dollar, by each paid to the other, and divers other good and valuable considerations, mutually covenant and agree to and with each other as, follows, that is to say : the said companies will unite in resisting the claim made upon said policies, and on each thereof, and in the defence of any and all suits and legal proceedings that have been or may be instituted against any of said companies upon any of said policies, and will, when and as required by the committee hereinafter mentioned, contribute to and pay the costs, fees, and expenses of said suits and proceedings *pro rata ;* that is to say, each company shall pay such proportion of said costs, fees, and expenses as the amount insured by said company shall bear. to the whole amount insured on said property by all the companies subscribing to this agreement.  The management and conduct of said resistance to said claims and defence of said suits and proceedings shall be and is fully entrusted to and devolved upon a committee to be composed of W. H. Brazier and James R. Lott, of the city of New York, Charles W. Sproat, of the city of Boston, L. S. Jordan, of the city of Boston, which committee shall have full power and authority to employ counsel and attorneys to appear for said companies and each thereof, and defend said suits and legal proceedings, and to employ other persons for other services relative thereto, and to assess upon and demand and receive from such companies, from time to time, as such committee shall deem proper, such sum or sums of money for the compensation of such counsel and attorneys; and such other persons, and all other expenses of such defence of said suits as said committee shall deem necessary and expedient ; such assessment upon and payment by each of said companies to be *pro rata,* as above mentioned.

"Each and every of said companies shall fully and faithfully adhere to this agreement, and shall refrain from any act or proceeding in reference to such claims or suit, or the defence thereof, that can or may in anywise defeat, obstruct, or interfere with the acts or proceedings of said committee relative thereto, and shall at all times furnish to said committee any and all papers, information, and assistance in and about such management and conduct of such resistance and defence as may be in the possession or power of said companies respectively, and as may be desired by said committee.

"In witness whereof the said insurance companies have sub-

scribed this agreement, this twenty-fourth day of April, eighteen hundred and seventy-four."

Prior to the execution of this agreement, suits had been commenced against some of the companies, other than the plaintiffs in error, in Boston, in one of which the agreement itself is entitled; and the defendant in error had been employed to defend them. After the agreement had been signed, the committee named in it employed the defendant in error on behalf of all the companies parties to it. He testified that the agreement was shown to him, and that he accepted the invitation to become the attorney of the companies. The employment was general, no special terms being fixed, and it is not questioned that it was with full knowledge of the agreement between the companies, and according to the authority conferred by it upon the committee. The plaintiff below having proved the fact and value of the services rendered, rested his case, at the conclusion of which and afterwards again, after all the evidence had been put in, the defendants below requested the court to instruct the jury to find a verdict for the defendants, on the ground "that the agreement was not one under which any joint liability could be created; that the provisions of the agreement were specific, the parties to the agreement were only to pay severally and *pro rata* any amount that should become due under the agreement."

This instruction the court refused to give, and that refusal is now assigned for error.

The committee appointed by the agreement between the insurance companies, were special agents only for the purposes and within the limits declared in it. They had no authority to bind their principals beyond its import, and the limits of that authority were made known to the defendant in error when he accepted employment from them. Whatever authority to bind the companies in making that employment had been conferred upon them by the agreement, they in fact exerted. So that the question to be determined is, whether that agreement conferred upon the committee authority to bind the companies jointly, or jointly and severally, to pay the expenses of the liti-

gation; or, whether they became liable, severally only, each for its proper proportion.

The contract, it will be observed, is between the companies. No other person is a party. The promises are between them severally. Each binds itself to each of the others. There is no joint undertaking or promise, on the part of all, to any one else. They "mutually covenant and agree to and with each other." They do agree, indeed, that they "will unite in resisting the claim made upon said policies, and on each thereof, and in the defence of any and all suits and legal proceedings that have been or may be instituted against any of said companies upon any of said policies;" but, as to the obligation of payment on that account, its nature and extent, the agreement is, that they "will, when and as required by the committee hereinafter mentioned, contribute to and pay the costs, fees, and expenses of said suits and proceedings *pro rata;* that is to say, each company shall pay such proportion of said costs, fees, and expenses as the amount insured by said company shall bear to the whole amount insured on said property by all the companies subscribing to this agreement." These expressions leave no doubt as to the intention of the parties in regard to the limit of their several liabilities as between themselves.

The management and conduct of this common defence was entrusted to and devolved upon a committee of named persons; and the powers and rights of that committee are expressly defined. They are given full power and authority to employ counsel and attorneys to appear for said companies and each thereof, and defend said suits and legal proceedings, and to employ other persons for other services relative thereto. They are thus constituted the agents, for the purposes named, of the parties to the contract, and whatever they do within the terms of that agency, which, of course, is not general, but special, binds the parties according to their agreement. The committee is not a party to the agreement, but derives its powers from it and has rights under it, chiefly the right of reimbursement for expenses and indemnity for obligations legitimately incurred. This right would be implied, if it were not expressed; but if the mode and measure of it are expressly declared, no impli-

cation can enlarge its limits. It is in fact expressly defined. The committee have, by the further provisions of the agreement, also, full power and authority "to assess upon and demand and receive from such companies, from time to time, as such committee shall deem proper, such sum or sums of money for the compensation of such counsel and attorneys, and such other persons, and all other expenses of such defence of said suits as said committee shall deem necessary and expedient, such assessment upon and payment by each of said companies to be *pro rata*, as above mentioned." It is very clear, we think, from this language, that for any advances made by the committee for the expenses of the defence, or for any indemnity against any personal liability they may have incurred in conducting it, they could have no personal recourse upon the companies except by way of assessment upon them severally, each for its own proportion, according to the ratio fixed by the agreement. Such proportion could be enforced by action against each delinquent company. There is no ground on which the companies could be made jointly responsible, so that any one or more could be required to make good the default of any of the rest. The fund for the payment of all the obligations contemplated by the agreement is limited, in express terms, to be raised in the mode pointed out in it by a *pro rata* assessment upon each for its individual share.

Such being the relation between the several companies and the committee, those employed by the latter for the purposes of the agreement can have no greater rights than such as grow out of it. The agency being special, those who claim under it are bound by its limitations; and in the present case the defendant in error, it is admitted, had actual knowledge of them. So that, though the employment by the committee established a privity between him and the parties to the contract, giving him a right to treat the companies directly as his principals and employers, nevertheless it must be taken to be only to the extent of the authority of the committee under the agreement, and subject to the limitations imposed by it upon the liability of the companies. He must be considered as relying, if he did not stipulate for the individual liability of the members of the

committee, upon their power to raise the fund for the payment of his compensation by the assessment under the agreement; which, being made, he would have a right to enforce; or which, if denied to him wrongfully, would entitle him to his action, as if it had been made, or against the committee for not making it.   But there is no ground on which he can claim that the employment of the committee imports a joint promise of compensation from the companies, in the face of the express restrictions upon the power of the committee to bind them otherwise than severally, each in proportion to its interest.   The defendant in error is and can be in no better position by reason of the employment by the committee under the agreement between the companies, than the committee would have been if they had made the advances required, or than he would have been if he had been a direct party to that agreement, employed by the companies according to its terms.   There is not only nothing in the agreement from which it could be inferred that the companies were to be sureties for each other, but that inference is expressly negatived by the declaration, according to which each is to be liable for its own separate and proportionate part.

Similar reasoning, leading to like conclusions upon analogous facts, is to be found in many reported cases.   We select, as illustrations, the following: *Peckham* v. *North Parish in Haverhill*, 10 Pick. 274; *Ludlow* v. *McCrea*, 1 Wend. 228; *Ernst* v. *Bartle*, 1 Johns. Cas. 319; *Howe* v. *Handley*, 25 Maine, 116; *Gibson* v. *Lupton*, 9 Bing. 297; *Fell* v. *Goslin*, 21 Law J. Rep. N. S. Exch. 14.

In our opinion the court below should have instructed the jury, as requested by the plaintiffs in error, to render a verdict for the defendants below, on the ground that no joint liability had been proven; and its declining to do so was error, for which the judgment is reversed, with directions to grant a new trial.

*And it is so ordered.*