## CALDERHEAD v. DOWNING et al.

### (Circuit Court, D. Washington, N. D.   July 16, 1900.)

1. REMOVAL OF CAUSES—SEPARABLE CAUSES OF ACTION—SUIT FOR RECOVERY UPON STOCKHOLDERS' LIABILITY.
   An action by the receiver of an insolvent bank against numerous stockholders for the recovery of an assessment made upon the several stockholders for each one's pro rata share of the deficiency of funds necessary to discharge the obligations of the corporation involves a separable controversy within the provisions of the removal act.[1]

2. SAME—PETITION BY DEFENDANTS JOINTLY LIABLE.
   Where an action is prosecuted in the state court against two persons as co-partners they must defend together, and, if the right to remove the cause to the federal court is lost by one of them, the other is subjected to the same disability.

3. SAME—EFFECT OF APPEARANCE TO INDIVIDUAL CLAIM.
   Where one is sued in the same action in a state court upon an individual liability and also as a member of a co-partnership, the appearance of such defendant in the state court, to contest the validity of an attachment affecting his individual liability only, will not deprive him of the right, as a member of the partnership, to have a removal of the cause to the federal court on the ground that the action involves a separable controversy between citizens of different states.

Suit in equity by the receiver of an insolvent banking corporation of the state of Washington against its stockholders to enforce their statutory liability for the obligations and debts of the corporation. After an attempt by one of the nonresident defendants to remove the case from the state court, in which it was commenced, into the United States circuit court, on the ground that the case involved a separable controversy, and an order remanding the case because the petition for removal was not filed in time, the same defendant and another filed a second petition and bond for removal, and caused the case to be docketed a second time in the United States circuit court.   Heard on motion to remand.   Motion denied.

J. B. Howe, for complainant.
R. B. Albertson, for defendants.

HANFORD, District Judge.   The order to remand this case to the superior court of the state of Washington for King county, in which it was commenced, was granted for the reason that the defendant Edward Bailey, who alone caused the case to be first docketed in this

---

[1] Separable controversies as ground for removal, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Mineral Co., 35 C. C. A. 155.

court; had, previous to the time of filing his petition and bond in the state court, lost his right of removal by lapse of time. A new transcript of the record has been filed, and the case has been docketed here a second time at the instance of the same Edward Bailey and William Hammond, who are made defendants in the case as co-partners under the firm name of Hammond & Bailey. The complainant moves again to remand the case on the ground that this court has no jurisdiction.

The material facts to be considered are as follows: The complainant sues as receiver of a local banking corporation, acting as such receiver under an appointment made by the superior court of the state of Washington for King county. The bill of complaint avers that said superior court, in due conformity to the constitution and laws of the state of Washington, ascertained and adjudged that, after exhausting all the assets and resources of said banking corporation other than the statutory liability of its stockholders, there remains a large deficiency of funds required to discharge the obligations and debts of the corporation, and thereupon ordered an assessment to be made upon each stockholder of his pro rata share of such deficit. This suit in equity was thereupon commenced by the receiver against all of the stockholders who have failed to pay their assessments, and the bill specifies the amount of assessment due and collectible from each defendant. The defendant Edward Bailey is charged individually with a particular amount as his share of liability for and on account of stock in the corporation held by him. The defendants Edward Bailey and William Hammond are alleged to be co-partners under the firm name of Hammond & Bailey, and said firm is also charged with liability for a specified amount for and on account of stock in the corporation held by said firm. The defendants Edward Bailey and William Hammond are both citizens of the state of Pennsylvania, and nonresidents of the state of Washington. The record shows that said defendants have not been personally served with process requiring them to defend the case, and they have not entered any appearance in the case, except specially for the purpose of disputing the jurisdiction of the state court to have cognizance of any proceedings against them, and to secure the removal of the case into this court. By service of a writ of garnishment certain shares of stock of a building corporation owned by the defendant Edward Bailey have been subjected to a lien for the amount of any judgment which may be rendered against him for and on account of his alleged individual liability, and service of a summons against several nonresident defendants, including Edward Bailey and Hammond, has been made or attempted by publication in a newspaper. The superior court, by denying a motion filed in behalf of the defendant Edward Bailey to quash the summons and the service thereof as to him, has decided in effect that the service of said writ of garnishment and the publication aforesaid constitute valid and sufficient service of jurisdictional process to bring said defendant within the jurisdiction of the court, and this court followed that decision in holding that the first attempt to remove the cause into this court by said defendant was too late. The record shows that the defendant took an exception to the ruling of the superior court in denying said

motion to quash the process, and that in the subsequent proceedings said defendant has continued to protest against the jurisdiction of the court. The first motion to remand was granted by this court on the 5th day of February, 1900. On the 13th day of the same month the second petition and bond for removal was presented to a judge of the superior court, and simultaneously therewith the petitioners filed a motion to quash the summons and the service thereof by publication. On the 17th of February the superior court entered an order denying the petition for removal. On the 27th of February the defendant Bailey filed in the superior court a demurrer to the bill of complaint, but the record shows that he had taken no steps to defend the action on the merits, or to place himself in an attitude inconsistent with his right to dispute the jurisdiction of the court until after the presentation to the superior court of the petition and bond for removal, pursuant to which the defendants Hammond & Bailey are now claiming that the case was in fact removed into this court; so that subsequent proceedings in the state court have no effect upon the questions to be considered by this court.

The liability of each stockholder in an insolvent corporation is so far distinct and several that in any form of proceeding, whether against all in one suit or by separate proceedings against each, it is necessary for the court to render judgment against each for a specific amount, and the judgment against each stockholder can only be enforced by a separate execution. Therefore it is plain that the case involves a separable controversy between the defendants Hammond & Bailey and the plaintiff, which can be fully and finally determined without in any way affecting the rights of other defendants. The separable controversy does not arise from any separate or independent defense pleaded by these defendants, but it appears by the bill of complaint that the case is one which can be divided into parts; in other words, there is a separate and distinct cause of action stated against each of the stockholders, which might be the subject of a separate and independent action, and the case is removable by these petitioners under the provisions of the removal statute.

The question whether the right of removal has been lost by proceedings prior to the filing by these defendants of their petition and bond for removal is somewhat perplexing. The suit against the defendants Hammond & Bailey is founded upon a joint liability. They must defend together, and, being placed in this position, if, by expiration of time, Bailey has lost his right of removal, Hammond is subjected to the same disability. 18 Enc. Pl. & Prac. 293; Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679. Prior to joining with Hammond in filing the petition and bond under which the case is now to be considered, the defendant Bailey appears to have acted for himself alone, contesting, as he had a right to do, the proceedings affecting his stock in the building corporation. When property within the jurisdiction of a court is levied upon in an action against a nonresident defendant not personally served with jurisdictional process, the court acquires jurisdiction to deal with the property, but does not acquire jurisdiction of the person of the defendant, so as to render a judgment to be enforced otherwise than by dealing with the attached property.

An attachment suit without service of process upon the defendant, or a voluntary appearance by him, is in the nature of a proceeding in rem, though not strictly so; but, if the defendant enters a voluntary appearance, the case becomes mainly a suit in personam, with the added incident that the property attached may be held as security for any demand which may be established against the defendant by the final judgment of the court. 3 Am. & Eng. Enc. Law (2d Ed.) 185. The rules applicable to the case above stated would require me to hold that the defendant Bailey had lost his right to remove the case into this court by lapse of time if he had entered a general appearance, or taken any step which would change the proceeding from a suit in rem to an action against him in personam; but, as the facts appear by the record, the process of the state court is effective only to give that court authority to subject Bailey's stock in the building corporation to sale for the amount of his individual liability as a stockholder of the banking corporation. There has been no attachment of any property for the debt of Hammond & Bailey, and the court has not acquired jurisdiction to enforce their joint liability, either by the service of any process, or by the voluntary appearance of said defendants, or either of them. In his dual relationship to the case the defendant Bailey has rights which are as separable and distinct as if in fact the Edward Bailey sued as an individual stockholder in the banking corporation, and whose property is affected by the writ of garnishment, were an entirely different person from the Edward Bailey sued as a member of the firm of Hammond & Bailey. The firm of Hammond & Bailey was not disturbed by the garnishment proceedings, and Mr. Bailey, in contesting the proceedings affecting his property, levied upon for his individual debt, did not act for the firm, nor for himself as a member of that firm. A defendant has the right to remove a case from a state court into a United States circuit court, and require the United States circuit court to decide questions as to the validity of service upon him of the jurisdictional process issued out of the court of original jurisdiction. 18 Enc. Pl. & Prac. 358, 359; Goldey v. Morning News, 156 U. S. 518–526, 15 Sup. Ct. 559, 39 L. Ed. 517; Railway Co. v. Brow, 164 U. S. 271–280, 17 Sup. Ct. 126, 41 L. Ed. 431; Cooper v. Newell, 173 U. S. 555, 19 Sup. Ct. 506, 43 L. Ed. 808.

The law relating to the removal of causes into United States circuit courts is in its application to particular cases often complex and difficult to reconcile with principles of good practice, and this case presents the anomaly of a case being removed from the court in which it was commenced into a federal court on the ground of a separable controversy, and upon assuming jurisdiction the court is obliged to deny that it has any jurisdiction of the separable controversy, for the reason that the particular defendants invoking its jurisdiction have not been and cannot be brought within the jurisdiction either of the court of original jurisdiction or the federal court; and, after calling a halt in the proceedings against the particular defendants responsible for the removal of the case, the court must proceed to adjudge as to the rights of other parties, neither of whom has ever voluntarily submitted to its jurisdiction, or else the cause must be remanded for want of jurisdiction. However, the court has no right

to make an evasive decision to avoid unhappy consequences. Since the law as it has been expounded by the supreme court gives to these nonresident defendants the right to require this court to determine for them the question as to the validity of the jurisdictional process against them, the court must assume the responsibility of deciding that question. Motion denied.