## DES MOINES ELEVATOR & GRAIN CO. v. UNDERWRITERS' GRAIN ASS'N et al.

### No. 9536.

Circuit Court of Appeals, Eighth Circuit.

Jan. 18, 1933.

104

Donald Evans, of Des Moines, Iowa (Clifford V. Cox, William F. Riley, John Inghram, and Carr, Cox, Evans & Riley, all of Des Moines, Iowa, on the brief), for appellant.

Robert J. Folonie, of Chicago, Ill. (Robert Bannister, of Des Moines, Iowa, and Ernest H. Hicks, of Chicago, Ill., on the brief), for appellees.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

The parties will be referred to as in the court below, appellant as plaintiff, and appellees as defendants. This is an appeal from a judgment entered upon a directed verdict in an action brought against the defendants, the Underwriters' Grain Association and 112 insurers doing business in Iowa, upon a contract of fire insurance covering a building and its contents belonging to the plaintiff. The suit was originally commenced in a state court in Iowa and removed to the federal court by two of the defendants on the ground that diversity of citizenship and a separable controversy existed between the insured and each of the removing defendants. A motion to remand was made by the plaintiff, and denied. The plaintiff assigns the denial of this motion as error.

Each of the companies forming the Underwriters' Grain Association, which was not a legal entity, and against which. no judgment was asked, had issued to attorneys in fact resident in Iowa open policies of insurance in the Iowa standard form, and the attorneys in fact had then issued their certificates to the insured as evidence of coverage. The certificates were in identical language and recited that the defendants "each for itself and not one for another" insured the risk. The certificates further provided:

"It is distinctly understood and agreed that the liability of the Insurance Companies, Corporations, Mutual Associations or Underwriters comprising the Underwriters' Grain Association issuing this certificate of insurance is several and not joint, and that the several liability of each is limited to that per centum of any loss hereunder (not exceeding the total amount hereby insured) set opposite and following its name on the back hereof, and that the maximum liability of each shall in no event exceed its said per centum of the total amount insured hereunder.

"This certificate of insurance is issued under and by virtue of an Iowa Standard policy issued by each of the Insurance Companies, Corporations, Mutual Associations, or Underwriters to William B. Flickinger and Rudolph Belcher, as Joint Attorneys, and is made and accepted subject to the provisions and conditions contained in said certificate or attached thereto and subject to the provisions and conditions contained in each of said policies which by reference are made a part of this certificate; the number of each policy is shown on the back hereof immediately preceding the name of the Insurance Company,

Corporation, Mutual Association or Underwriter which issued it."

Then followed a statement of the aggregate maximum liability of all the underwriters and of the percentage of the maximum liability which each underwriter assumed.

The plaintiff asserted, in its complaint, total insurance in the amount of $488,150, a total loss of $79,090.65, and prayed for judgment against each of the defendants, other than the Underwriters' Grain Association, for such percentage of that amount, with interest, as equaled the percentage of liability assumed by each of the defendants, as shown by the certificates issued to the insured by the attorneys in fact.

The answer of the defendants admitted the issuance of the certificates, but denied liability.

█ The only question with which we are concerned, diversity of citizenship and jurisdictional amount being admitted so far as the removing defendants are concerned, is whether there existed between them and the insured a separable controversy. If such a controversy existed, then the citizenship of the other defendants was an inconsequential matter. Yulee v. Vose, 99 U. S. 539, 25 L. Ed. 355; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Hyde v. Ruble, 104 U. S. 407, 409, 26 L. Ed. 823; Fraser v. Jennison, 106 U. S. 191, 194, 1 S. Ct. 171, 27 L. Ed. 131; Alabama G. S. R. Co. v. Thompson, 200 U. S. 206, 218, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; 4 Hughes, Federal Practice (1931) § 2363. See cases in notes 393, 405, USCA title 28, § 71.

· The undertaking of the defendants was that each should be severally liable to the plaintiff, in case of the happening of the contingency insured against, for a definite percentage of the entire loss. No joint liability was assumed, and the plaintiff does not claim that the defendants were jointly liable. It would seem that the plaintiff was covered under the 112 open policies issued to the attorneys in fact, rather than under the certificates issued which were the evidence of such coverage and fixed the extent of the liability of each insurer in case of loss; but that question is not argued and the legal effect would be the same whether the insurance was effected by one contract or 112 contracts so long as the liability, in case of loss, was several and not joint.

█ Section 10975 of the 1931 Code of Iowa, provides: "Where two or more persons are bound by contract or by judgment, decree, or statute, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, common orders, and checks, and sureties on the same or separate instruments, or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them. * * *"

This permitted the joinder of the defendants in the one action, but it did not create joint liability.

The question here involved was considered by this court in the case of Stewart v. Nebraska Tire & Rubber Co., 39 F.(2d) 309 (certiorari denied 282 U. S. 840, 51 S. Ct. 21, 75 L. Ed. 746). That was a suit brought in a state court of Iowa against the maker and indorser of a promissory note. The maker of the note, who was a citizen of Nebraska, removed the case on the ground of diversity of citizenship and a separable controversy, and a motion to remand was denied. Both the statutes of Nebraska, Compiled Statutes 1922, § 8544, and the statute of Iowa herein referred to, permitted the bringing of a single action against persons severally liable upon the same obligation. It was contended that the matter in controversy was a single debt for which both the maker and the indorser of the note were equally liable, and for which they could be sued in a single action, and hence that there was no separable controversy. This court said [page 311 of 39 F. (2d)]: "We do not construe the quoted statutes to do more than express the policy of the enacting states to permit the holder of several causes of action, enumerated in the statute, to avoid a multiplicity of suits by joining such causes of action in a single suit. The statutes are void of language indicating an intent to make obligations, theretofore several, joint. That the appellant herein cannot by availing himself of the statutory provisions to join several causes of action estop the appellee, liable solely upon its independent contract, from removing the action as regards it to the federal court, other conditions precedent to such removal being present, is we think well settled by the authorities"—citing Manufacturers' Commercial Co. v. Brown Alaska Co. et al. (C. C.) 148 F. 308, 310; Ferry, Inc., v. John R. Wiggins Co. (D. C.) 287 F. 421; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; Terral v. Burke Const. Co., 257 U. S. 529, 42 S. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186; Kansas City v. Metropolitan Water Co. (C. C.) 164 F. 728.

It is impossible to distinguish that case from this so far as the principle involved is concerned. There the maker and indorser were severally liable, upon a promissory note, for the entire debt; here certain insurers are severally liable upon an insurance contract, each for a definite percentage of the entire loss.

The removal statute provides: " * * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. * * * " USCA title 28, § 71.

■ Where there exists in any suit a separate and distinct cause of action on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, there is a separable controversy. Fraser v. Jennison, supra, 106 U. S. 191, 194, 1 S. Ct. 171, 27 L. Ed. 131; Torrence v. Shedd, 144 U. S. 527, 530, 12 S. Ct. 726, 36 L. Ed. 528; Geer v. Mathieson Alkali Works, 190 U. S. 428, 432, 23 S. Ct. 807, 47 L. Ed. 1122; Boatmen's Bank of St. Louis v. Fritzlen (C. C. A. 8) 135 F. 650, 663; City of Winfield v. Wichita Nat. Gas Co. (C. C. A. 8) 267 F. 47, 50; Ivy River L. & T. Co. v. Amer. Ins. Co. of Newark, 190 N. C. 801, 130 S. E. 864; 4 Hughes, Federal Practice (1931), § 2367.

■ While the liability of each of the insurers here arises out of the same undertaking, that liability is separate and distinct from the liability of any other insurer, and the happening of the contingency insured against, instead of giving rise to a single cause of action against all of the insurers, gives rise to 112 separate causes of action, which, under the Iowa statute, may be united in one action. The loss is not the cause of action, but the happening of the loss gives rise to a separate cause of action against each insurer. Had the plaintiff sued separately each of the removing defendants in the state court, as it might have done, the suits could have been removed to the federal court. The fact that, under the state statute, the plaintiff had the right to combine the causes of action in a single suit could not affect the right granted to the defendants by the laws of the United States to remove the controversy to the federal court.

In the case of Harrison v. St. L. & San Francisco R. Co., 232 U. S. 318, 329, 34 S. Ct. 333, 335, 58 L. Ed. 621, L. R. A. 1915F, 1187, the court said: "In the second place, as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power."

In addition to the case of Stewart v. Nebraska Tire & Rubber Co., supra, which is directly in point, the following cases, somewhat analogous, as to facts, sustain the view that the court below did not err in denying the motion to remand: Adriatic Fire Ins. Co. v. Treadwell, 108 U. S. 361, 2 S. Ct. 772, 27 L. Ed. 754; Chicago & A. R. Co. v. New York, L. E. & W. R. Co. (C. C.) 24 F. 516; Wright v. Ankeny (D. C.) 217 F. 985; Calderhead v. Downing (C. C.) 103 F. 27; Lynch v. Springfield Fire & Marine Ins. Co. (D. C.) 15 F.(2d) 725; Hindman v. Pittsburgh Trust Co., 266 Pa. 204, 109 A. 876; Ivy River Land & Timber Co. v. Amer. Ins. Co. of Newark, supra, 190 N. C. 801, 130 S. E. 864; McBean v. Todd, 2 Bibb (5 Ky.) 320; L. R. A. 1915B, page 229, note.

Our conclusion is that, since the undertaking which gave rise to the plaintiff's suit created no joint liability and no joint cause of action against the insurers, there were as many separate causes of action as there were insurers, and the joining of all the insurers in the single action did not affect the right of any of them to remove the case to the federal court.

The judgment is affirmed.