FRANK DICK and AUGUSTUS GANNON, Partners, Composing the Firm of Dick & Gannon, Appellants, v. EDWARD E. RIDDLE, Respondent.

Kansas City Court of Appeals, December 6, 1909.

1. PUBLIC IMPROVEMENTS: Taxbills: Contracts, Divisible or Entire: Intention of Parties. Whether a contract to pave, grade and curb a public street, is to be construed as entire or divisible, depends upon the intention of the parties to be gathered from the language of the contract and the subject-matter.

2. ———: ———: ———. A city of the third class adopted a resolution declaring the necessity of paving, curbing, guttering and grading a public street which was followed by an ordinance providing for the paving, curbing, guttering and grading of said street and in response to published notice, a bid submitted setting out separate amounts for each part of the work, was accepted and a contract entered into. After the work was completed separate assessments were made, per front foot, one for grading, and paving and one for curbing and separate taxbills issued. *Held*, that a recovery could be had upon the taxbills for the curbing and for that portion of the grading and paving bills which represent the cost of grading, notwithstanding there was a failure to substantially comply with the contract as to the paving.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED.

*H. P. Lander* and *Bresnahen & West* for appellants.

(1) The contract between the plaintiffs and the city is severable and divisible. Johnson v. Duer, 115 Mo. App. 366; Excelsior Springs v. Ettenson, 120 Mo. App. 215; 7 Ency. of Law, pp. 95-7; Page on Contracts, secs. 1483-87. (2) The law contemplates that the contract for curbing shall be separate and divisible from the contract for paving and grading, and that separate taxbills be issued for curbing: Laws of Mo., 1891, p. 63; Excelsior Springs v. Ettenson, 120 Mo. App. 215. (3) The contract being separate and divisible, the right to recover for the curbing is not conditional upon the performance of the provisions of the contract with reference to paving. See authorities cited under the first subdivision hereof.

*Guthrie & Franklin, Frans E. Lindquist* and *William J. Carlon* for respondent.

(1) There is no final judgment on the record in this cause and this appeal must be dismissed since there is nothing to appeal from. The finding of facts and special verdict must be entered of record just like a verdict or it amounts to nothing. It is only a paper in the case and cannot be considered by the court of appeals, especially when there is no bill of exceptions, as in this case. It will be noted in this connection that appellant's abstract does not state at what date the finding of facts was made and it is defective in that regard, because the finding of facts made after the rendering of the judgment is not a finding of facts and is not a part of the record. Bank v. Barbee, 198 Mo. 465; Shoffer v. Dittie, 191 Mo. 387. (2) The abstract of record is fatally defective in that it fails to show that the finding of facts was made and filed at or prior to the time of the rendering of the judgment. It is a part of the record only when made so by a record entry. The only finding

of facts found among the papers or in the record is indorsed "Filed May 1, 1907," while the alleged judgment was entered on April 29, 1907. The material issues in the case which are not found in the special findings of facts are found in favor of the successful party. Bank v. Lumber Co., 102 Mo. App. 75; Redman v. Railroad, 104 Mo. App. 651. (3) In cases where the work is to be done as a unit by one contractor, the rule requires the entire work to be completed before the taxbills can be issued and enforced. Heman Construction Co. v. Loevy, 179 Mo. 471. (4) There must be substantial compliance with the ordinances and contract to authorize a levy of a special assessment, and the burdensomeness or impossibility of full performance is no excuse. Excelsior Springs v. Ettenson, 120 Mo. App. 215. (5) Contract and bond provided for doing the work of paving, grading, guttering and curbing as an entirety—inseparable. Kansas City v. O'Connor, 82 Mo. App. 660. (6) A contract is entire when by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and the considerations are common each to the other and interdependent. 7 Am. and Eng. Law (2 Ed.), p. 95.

JOHNSON, J.—This action is on four special taxbills issued by the city of Brookfield, a city of the third class, in payment of the cost of grading, curbing and paving Main street. Defendant owned two lots on the street. A taxbill for $64.58 was issued against each lot on account of the grading and paving and one for $9.65 against each lot on account of the curbing. The answer pleaded defects in the regularity of the proceedings leading to the issuance of the bills, fraud and collusion between certain city officers and the contractors, and that the work was not done in substantial compliance with the contract. The case was tried to the court and findings of fact were filed as follows:

"1. I am of the opinion the record in the proceedings leading up to and touching the paving involved in this case is sufficient.

"2. I find that there was no fraud or collusion between the plaintiffs Dick & Gannon and the city engineer and his assistant, in the matter of the preliminary estimates for the grading, paving and curbing, or either of them.

"3. I find that the grading and curbing were done in substantial compliance with the plans and specifications and contract put in evidence and are sufficient.

"4. As to the brick used in the pavement the court finds that said brick were wholly insufficient and were not good, sound, vitrified paving blocks as required by the contract and specifications, and that great numbers of said brick were not vitrified but were soft and wholly unfit and have been and are crumbling down and rapidly disintegrating, leaving said pavement inferior and much below the character of pavement required by the plans, specifications and contract and the court therefore finds that said brick were defective and insufficient and that the pavement is not a substantial compliance with the contract."

On these findings the court entered judgment for defendant on all the counts of the petition including those founded on the taxbills issued to pay for curbing.

The sole contention of plaintiffs is that the court erred in refusing to give plaintiffs judgment for the cost of the grading and curbing on account of their failure to perform the work of paving in compliance with the requirements of the contract.

The points made by plaintiffs in their brief are, first, "The contract between the plaintiffs and the city is severable and divisible." Second, "The law contemplates that the contract for curbing shall be separate and divisible from the contract for paving and grading and that separate taxbills be issued for the curbing."

Third, "The contract being separate and divisible the right to recover for the curbing is not conditional upon the performance of the provisions of the contract with reference to paving."

The improvement of the street was initiated by a resolution entitled "A resolution declaring the necessity of paving, curbing, guttering and grading that portion of Main street, etc. This was followed by an ordinance entitled "An ordinance providing for the paving, curbing, guttering and grading . . . of Main street, etc."

In response to the published notice for bids, plaintiffs submitted a bid in which they agreed to do the work for a consideration of $1.08 per square yard for paving, twenty-five cents per cubic yard for grading and thirty cents per lineal foot for curbing. This bid was accepted and a contract was entered into between the city and plaintiffs for the entire improvement at the prices stated. After the completion of the work an assessment of $2.58 1-3 per front foot was levied to pay the cost of the paving and grading and special taxbills were issued pursuant thereto. A separate assessment of 38.6 cents per lineal foot was levied to pay for the curbing and separate taxbills were issued pursuant to that assessment. It is manifest that the city engineer in arriving at the combined cost of the paving and grading made a separate estimate of the cost of each part of the improvement. Necessarily under the contract, he was compelled to find that so many cubic yards of grading had been done which, at twenty-five cents per yard, amounted to a certain sum; that so many square yards of paving had been laid which, at $1.08 per yard, amounted to a certain sum, and that the total of these two sums divided by the front footage called for the assessment of $2.58 1-3 per front foot. The taxbills for grading and paving do not state the computation and the evidence is not before us but since, as we shall show, the judgment must be reversed and the cause remanded

on account of error in adjudging the curbing bills invalid, we shall assume for present purposes that the engineer made the computation in the manner stated since the contract required him to pursue that method.

Whether a contract is to be construed as entire or divisible, whether its different obligations (in contracts which impose the performance by one of the parties of more than one obligation) are to be treated as independent or interdependent obligations is a question, the solution of which depends at last on the intention of the parties to be gathered from the language of the contract and the subject-matter. Among the rules applied in such cases for the purpose of ascertaining the real intention of the parties are the following:

"A contract is entire when by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and the consideration, are common each to the other and interdependent. A divisible contract is one in its nature and purposes susceptible of division and apportionment, having two or more parts in respect to matters and things contem plated and embraced by it, not necessarily dependent upon each other." [7 Am. and Eng. Ency. of Law (2 Ed.), 95.] "The test chiefly relied upon in such cases is whether the parties have apportioned the consideration on the one side to the different covenants on the other. . . . If the consideration is apportioned so that for each covenant there is a corresponding consideration, the contract is severable." [3 Page on Contracts, sec. 1484.]

The following rule applied in the construction of mutual covenants is declarative of the same principle: "Where covenants go to the whole of the consideration on both sides, they are mutual conditions, the one precedent to the other. But where they only go to a part where a breach may be paid for in damages, the defendant has a remedy on his covenant and shall not plead it as a condition precedent." [Boone v. Eyre,

1 H. Bl. 273; Coal Co. v. Pkg. Co., 120 S. W. 658, — Mo. App. —.] A breach of a covenant which does not go to the entire consideration does not constitute a breach of the entire contract. [Railway v. Insurance Co., 83 Fed. Rep. 676.]

With these rules in mind, let us see what was the manifest intention of the parties in the present case. While the improvement was initiated by a single resolution and ordinance and was provided for in but one contract, we find its main component parts—*i. e.* grading, curbing and paving—separated in the entire proceedings in a manner to preserve their individuality. Particularly is this true with respect to the consideration plaintiffs were to receive. They were to have so much for grading, so much for paving, and so much for curbing. They gave a statutory bond conditioned for the performance of the contract and may be held in damages on that bond for the breach of any of their covenants. The damages resulting from the breach of their obligation to pave the street in compliance with the terms of the contract may be ascertained with certainty and their liability to respond cannot be questioned. Why enforce a forfeiture against them? For that is what the judgment before us attempts to do. They did the grading and the curbing in compliance with the contract and we perceive no reason in morals or in law for punishing them with a fine. The ordinary rule of damages will afford the city and property-owners adequate recompense for the breach and there is no occasion or warrant for inflicting exemplary damages.

We are cited to no authority that sustains the position of defendant. What we have said demonstrates that the question before us was not considered by the Supreme Court in Heman v. Loevy, 179 Mo. l. c. 471. In Excelsior Springs v. Ettenson, 120 Mo. App. 215, we permitted a recovery on curbing bills and not on the paving bills and said nothing at variance with our present views. In Kansas City v. O'Connor, 82 Mo.

App. l. c. 660, there was no attempt to apportion the consideration between the expense of paving and that of sprinkling, one a lawful object of special assessment and the other not, and we could not do otherwise than to hold the contract indivisible. Such also was the situation in Virden v. St. Louis, 131 Mo. 26, where the consideration was not apportioned by the contract between the cost of paving and the cost of maintaining the pavement for a stated period. These cases are essentially different from the present case where the consideration is carefully apportioned. On the facts found, the curbing bills should have been sustained and the plaintiffs given judgment for that portion of the grading and paving bills which represents the cost of grading.

The judgment is reversed and the cause remanded. All concur.