[Sac. No. 2322. Department One.—July 17, 1917.]

GEORGE A. BALLOU, Appellant, v. FRANK C. AVERY and CITIZENS' BANK OF VISALIA (a Corporation), Defendants; BIG FOUR ELECTRIC RAILWAY COMPANY (a Corporation), Intervener-Respondent.

ACTION TO CANCEL PROMISSORY NOTE—FRAUD—WANT OF CONSIDERATION—JURY TRIAL.—An action by the maker of a promissory note to have the same annulled on the ground that it was made without consideration and upon fraudulent representation is clearly in equity, and the plaintiff's demand for a jury trial is properly denied.

CONSIDERATION.—A corporation's agreement to deliver its corporate stock is a sufficient consideration for a promissory note.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge.

The facts are stated in the opinion of the court.

Farnsworth & McClure, for Appellant.

E. I. Feemster, and Power & McFadzean, for Intervener-Respondent.

LAWLOR, J.—In this action plaintiff prays that a promissory note in the possession of the defendant, Citizens' Bank of Visalia, be declared null and void, and that it be surrendered so that it may be canceled. Relief is sought upon the ground that defendant, Frank C. Avery, by means of false and fraudulent representations, which are set forth in the complaint, obtained the note from plaintiff without consideration, and at a time when he was old and unable to realize the consequence of what he was doing. It is alleged that the bank took the note with full knowledge of the manner in which it had been obtained. The bank answered denying this and the other material allegations of the complaint, and claimed to have received the note from Avery as an innocent purchaser in the regular course of its business. It asserted the right to retain possession of the note until it was paid. But with permission of court, a complaint in intervention was filed by the Big Four Electric Railway Company setting forth that Avery, as its agent, had received the note solely in consideration of plaintiff's subscription for five thousand shares of its capital stock, which it purposed to deliver to plaintiff, as agreed, upon payment of the note, and claiming that Avery had no authority to assign it to the bank. The company likewise denied the allegations of fraudulent representation and want of consideration. Defendant Avery defaulted. Judgment went for intervener awarding it the possession of the note as prayed, but conditioned that in the event of its payment, the bank should be entitled to receive a sum equivalent to the commission which the court found was earned by Avery on account of the sale of the stock to plaintiff.

Plaintiff, in his appeal from the judgment, contends that the court below erroneously denied his demand for a trial by jury. A jury was in fact impaneled upon his request, and

the necessary jury fees were paid by him, but upon the opposition of the defendant bank and intervener it was discharged by the court from further attendance. This was proper. Plaintiff's action is clearly one in equity, and the law is well settled that "where the case as made by the pleadings involves the application of the doctrines of equity and the granting of relief, which can be obtained in a court of equity, and not elsewhere, the parties are not entitled to a jury trial." (*Fish* v. *Benson,* 71 Cal. 428, 435, [12 Pac. 454, 457].) This being so, the court clearly had jurisdiction to pass upon the questions of fact incidental to the equitable relief sought, such as the existence of fraud or the want of consideration. The intervener argues further that plaintiff cannot support his claim to a jury trial by the circumstance that the complaint in intervention seeks to recover possession of the note from the defendant bank. The point may be conceded. Plaintiff does not base his claim to a jury trial by reason of any of the legal issues which may have arisen between the intervener and the defendant.

Appellant apparently questions the finding that there was a good consideration for the note because no stock was ever actually issued to him. It was found that the company had bound itself to deliver the stock upon payment of the note at its maturity. This constituted a consideration. It is not alleged that plaintiff has ever made any offer to pay the note, or that the company is not in a position to deliver the stock. In fact, the company in its answer expressly declared its intention to deliver the stock to plaintiff upon receipt of payment.

The burden of proving fraud was upon the plaintiff. We are unable to find that he has met this requirement in any essential particular. Placing the strongest import upon the testimony offered in his behalf, it falls short of showing that the representations alleged to have been made were actually false; that they were material and in good faith relied upon by him; or that they were made with intent to defraud. At the most the evidence is decidedly conflicting. The findings, therefore, cannot be questioned.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.