JOHN W. HUFF, Respondent, v. ETTA DOERR, Appellant.

Kansas City Court of Appeals, February 7, 1921.

1. EVIDENCE: Parol Evidence Admissible to Show Who Principal was Under Simple Contract. Where the evidence showed defendant's husband signed contract as her agent, and the body of contract was in name of principal, although not signed by her, it was permissible to show by parol evidence who the real principal was.

2. HUSBAND AND WIFE: Principal and Agent: Husband's Authority to Execute Contract as Agent of Wife, Held Jury Question. Evidence held sufficient for jury to determine question of the husband's authority to execute contract on behalf of wife, although such authority was denied both by her and her husband.

Huff v. Doerr.

3. **CONTRACTS**, **Indivisible: Joint and Several: Defendant Liable in Entirety Under Contract for Work Done Adjoining Owner, Though not Signed by Her.** Where the contract fixed a specified sum as compensation for one entire piece of work, that is, the building of a stone wall fronting property of both defendant and adjoining owner, and it was the intention to have both properties improved alike, the work done being a benefit to both properties, such contract was an indivisible contract, and if it had been signed would have been a joint and several contract under section 2155, Revised Statutes 1919, and plaintiff could have sued either defendant or adjoining landowner for entire consideration.

4. **INSTRUCTIONS: Instruction Covering Entire Case Held Not to Take all Issues from Jury.** An instruction requiring jury to find that contract was executed with approval of defendant; and that the work was done in a workmanlike manner in pursuance of said contract, and to allow plaintiff only such sum as was agreed upon thereunder, *held* not to take every issue from jury, except the amounts to be paid for various items of work.

5. **APPEAL AND ERROR: Where all Matters in Reference to Point Raised Do Not Appear in Abstract the Point Cannot be Considered.** Where it is contended that plaintiff's own evidence showed he was overpaid for work, based upon figures taken from account book, a leaf thereof which contained same having been torn out or misplaced at former trial, and it also appeared that said book showed another matter in regard to the account, not in the original abstract, such contention cannot be considered because the defendant should have abstracted all matters in reference to point raised.

Appeal from the Circuit Court of Jackson County.—
*Hon. Clarence A. Burney*, Judge.

AFFIRMED.

*Goodwin Creason* for respondent.

*W. Rea Heath* for appellant.

BLAND, J.—This suit, which arose in a justice court, is for the balance due on various contracts had between plaintiff and defendant. There was a verdict and judgment in plaintiff's favor for $375 and defendant has appealed.

The facts show that defendant and Mrs. Finley owned about 1200 feet of ground fronting on Prospect Avenue between 60th and 62d Street in Kansas City, Missouri; defendant owned the south half of the ground and Mrs. Finley owned the north half. Defendant's husband was in charge of Mrs. Finley's property and carried on verbal negotiations with plaintiff as agent for the building of a wall in front of both tracts and to level the ground to the street grade. A written contract was drawn which recited that it was entered into between defendant and Eva Finley, parties of the first part, and plaintiff as party of the second part; that the parties of the first part employed plaintiff to build a stone wall "running from the northwest corner of 62nd Street and Prospect Avenue north on the west side of Prospect Avenue 1200 feet" and also to build a wall running from the corner of 62nd street and Prospect Avenue west 25 feet. The height, thickness and kind of walls and materials to be used were specified. The contract closed as follows: "In consideration of the above, the said parties of the first part agree to pay said second party the sum of $800.00," etc.

It is admitted by the defendant that the purpose of the proposed written contract was that the two properties should be improved alike. The contract was not signed by Mrs. Finley and no reason appears for her failure to sign it although plaintiff presented it to her for her signature. The contract was signed by defendant's husband in his own name but at defendant's direction. After the work was commenced defendant contracted with plaintiff to build a swimming pool, steps, extra wall, porch, for sodding and for some other things. Each one of these items was done under a different contract for a specified sum of money. The evidence shows that plaintiff fully performed all of his contracts and that there was a balance due him somewhat in excess of the amount of the verdict.

It is insisted that the court should have sustained defendant's demurrer to the evidence for the reason that

the contract was not executed by the defendant. It is true that the contract is signed by defendant's husband personally and there is nothing in the signature to indicate that he was acting as agent. However, it is always permissible where simple contracts are involved to show by parol evidence who is the real principal. [Sparks v. The Dispatch Transfer Co., 104 Mo. 531, 547, 548; Jones v. Williams, 139 Mo. 1, 23.] There was ample evidence to show that defendant's husband signed the contract as her agent. The contract itself recites that it was being made between defendant, Mrs. Finley and plaintiff. It is stated in 2 C. J. p. 672—

"If the body of the instrument is in the name of the principal, or clearly shows an intention to bind him, the form of the signature is immaterial; it is sufficient if the signature is that of the agent acting as agent. In such a case the principal is bound" if the signature is "in the name of the agent alone;"

There was evidence in this case that although the negotiations for the building of the wall were carried on between defendant's husband and plaintiff, at the time the written contract was drawn up these two took the matter up with the defendant and the latter and her husband looked over the contract and defendant told her husband to go ahead and sign it, "it was all right." She then told defendant to "sign it and to go ahead with it and she would pay for it." There was further evidence that defendant was present while at least a part of the work was in progress; that she ordered various changes made, and that the work was paid for by checks drawn on her bank account by her husband. As already stated, half of the land belonged to her. We think that under these circumstances there is no question but that there was sufficient evidence to go to the jury on the question of the husband's authority to execute the contract on behalf of his wife, although this authority was denied both by her and her husband. [Berkshire v. Holcker, 202 Mo. App. 433, 439, 440.]

Defendant complains of the refusal of her instruction No. 9 to the effect that plaintiff could not recover for any work done upon the land of Mrs. Finley. Defendant insists that the written contract is divisible and that it shows that each landowner was to pay for that part of the wall on her property and for no other portion. Of course, there is no evidence that defendant was not to be bound unless Mrs. Finley signed. Defendant denied the execution of the contract by her. The meaning of the written contract depends largely upon the intention of the parties to be determined from the language of the contract and the subject-matter. This contract was for one entire piece of work, that is, the building of a stone wall fronting the property of both defendant and Mrs. Finley, and for treatment of the ground in relation to the wall and street. It is admitted by the defendant that it was the intention of defendant's husband to have both properties improved alike. This character of treatment was, no doubt, a benefit to both properties. Plaintiff was to be paid $800.00 for the entire work. We think there is no question but that the contract originally was intended to be a joint one, and that its provisions and the consideration to be paid for the work are not divisible or dependent. It was stated in Dick & Gannon v. Riddle, 139 Mo. App. 584, 589—

"A contract is entire when by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and the consideration, are common each to the other and interdependent. A divisible contract is one in its nature and purposes susceptible of division and apportionment, having two or more parts in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other." [7 Am. and Eng. Ency. of Law (2 Ed.), 95.] The test chiefly relied upon in such cases is whether the parties have apportioned the consideration on the one side to the different covenants on the other . . . If the consideration is apportioned so that for each covenant there is a corresponding consideration,

the contract is severable. [3 Page on Contracts, sec. 1484.]''

The fact that Mrs. Finley did not sign the contract does not militate against the idea of its being indivisible. If Mrs. Finley had signed it, it would have been a joint contract at common law and now, by virtue of our statute (Secs. 2155, 2158, R. S. 1919), a joint and several contract, and plaintiff might have sued either defendant or Mrs. Finley for the entire consideration. [Raithel v. Miller, 221 S. W. 377; Bagnall Timber Co. v. M. K. & T. Ry. Co., 242 Mo. 11.] The absence of the signature of Mrs. Finley therefore would not make it any less an indivisible contract. [13 C. J., p. 579, sec. 578.] There is ample evidence to show that defendant contracted for the other work that was done by plaintiff and which is included in the work sued for in this case.

Defendant complains of plaintiff's instruction No. 1. In this connection it is insisted that ''Every issue is taken from the jury except the amount to be paid for each bit of work.'' This instruction attempts to cover the entire case and direct a verdict. It requires the jury to find that the written contract was executed with the ''knowledge, consent and approval of the defendant,'' and tells the jury that if it was so executed it was the contract of the defendant. It further required the jury to find that the defendant entered into the written contract with plaintiff; that the wall provided for therein was erected in pursuance of the written contract and modifications thereof and in a workmanlike manner, and if they found such to be a fact they were instructed that ''your verdict must be for the plaintiff in such sum, if any, as you find from the evidence plaintiff and defendant agreed upon, less any and all payments and credits.''

How could the jury find for plaintiff under this instruction for the work not covered by the written contract unless they found that plaintiff and defendant contracted with plaintiff to do the work? The statement filed in the justice court alleges that these various things

were to be done at agreed prices. The evidence shows
that this was the agreement and that the work was done
in a workmanlike manner and the instruction tells the
jury that they could find for plaintiff only in such sum
as "plaintiff and defendant agreed upon, if any." We
think there is no question but that reading this instruc-
tion the jury would understand that they were not to
find for plaintiff for these various items unless the de-
fendant had agreed that plaintiff should do the work.
They could not have agreed upon prices without agree-
ing upon the work.

Complaint is made of plaintiff's instruction No. 2.
This instruction does not cover the entire case or direct
a verdict but tells the jury that if plaintiff and defend-
ant entered into a written contract, then, as a matter of
law, defendant became obligated to pay the entire price
agreed upon, notwithstanding a part of the work was
done on the property of Mrs. Finley. From what we
have said this instruction was not materially erroneous.

It is contended that even plaintiff's evidence shows
that he was overpaid for the work that he did. This
contention is based largely upon figures taken from
plaintiff's book account of payments received by him.
The additional abstract of the record shows that there
was evidence "that one leaf of respondent's book ac-
count . . . was torn out at a former trial, got mis-
placed and that respondent did not know where it was."
It also appears that the book account showed another
matter in regard to this account that was not in the
original abstract. Of course, under such circumstances
the book account appearing in the original abstract is
not complete enough upon which to base such a conten-
tion as is being made in this case by defendant, and de-
fendant should have abstracted all matters in reference
to the point now raised, and having failed to do so, the
point cannot be considered. [Gooden v. Modern Wood-
men of America, 194 Mo. App. 666, 675; Brand v. Can-
non, 118 Mo. 595, 597, 598; Milling Company v. Hane-
brink, 247 Mo. 212.]

We do not find that the jury allowed anything for the swimming pool, which apparently. was paid for. There was no error in the admission of evidence.

The judgment ·is affirmed.  All concur.