[Civ. No. 12197. Second Appellate District, Division One.—January 21, 1941.]

C. L. OLSON et al., Respondents, v. F. E. FOSTER et al., as Trustees, etc., Appellants.

Paul R. Hutchinson for Appellants.

C. L. Olson and Olson & Ahlport, *in pro. per.,* for Respondents.

WHITE, J.—C. C. Julian was the lessee of two oil and gas leases. He undertook to drill and operate four oil wells on them, setting up a separate trust as to each, being wells one, two and three on one lease, and well eleven on the other. A bank was made passive trustee to hold title and act as depositary and distributor of funds on them. He was active trustee to operate them. He sold participating interests in the separate trusts to different persons known as unit-holders.

In an action pertaining to the title to the leases and other matters, Redfield, Foster and Penn intervened. Respondents were their attorneys. Later R. S. Brenneman was substituted for Redfield. In that action the court appointed these intervenors as the trustees in place of C. C. Julian, pursuant to the power of the superior court to appoint trustees of a private trust when the office becomes vacant or upon the misconduct of the trustee. Respondents were retained by the intervenors before they intervened and before they were appointed trustees. They continued to represent them thereafter in all matters pertaining to their intervention.

Subsequent to the completion of the litigation just mentioned, respondents filed an action to recover the value of their legal services against appellants "personally and as trustees for the holders of participating interests in Julian Wells 1, 2, 3 and 11, Santa Fe Springs oil district, Los Angeles County, California", wherein judgment was prayed for against the aforesaid defendants named therein for the value of respondents' services when the same was determined by the court. An attachment was also issued following the filing of this complaint. Appellants herein, as defendants

496

in that case, filed an answer, and the cause was set for trial. Promptly upon service of the "setting card" upon them, defendants made demand for a jury, and the necessary jury fees were deposited and remained on deposit at all times thereafter. The case was accordingly set for trial before a jury. Thereafter respondents, obtaining leave of court, filed a supplemental and amended complaint, to which a demurrer was interposed and overruled, following which an answer was duly filed. When the cause was called for trial the court, over appellants' objection and notwithstanding compliance by them with all statutory requirements, ruled that they were not entitled to a jury trial as a matter of right, and proceeded to try the cause without a jury. It should here be noted that by their supplemental and amended complaint respondents sued appellants only "as trustees of certain trusts and trust estates known and described as Julian Wells One, Two, Three and Eleven, Santa Fe Springs Oil District, Los Angeles County, California", and in addition to seeking a recovery of the amount of fees allegedly due them, sought to impress the trust property and assets with a lien therefor. Following trial, judgment was rendered in favor of respondents and provided further that respondents have a lien upon and against the moneys, funds, properties and estates of said trusts and each of them.

As a first ground of appeal, it is urged that the amended complaint fails to state a cause of action. In support of this claim it is argued that the original complaint was an action at law and not in equity; that the amended complaint was filed in an effort to state a cause of action in equity rather than at law for the sole purpose of depriving appellants of their right to a trial by jury. In this contention we do not agree with appellants. The original complaint named the defendants therein both personally and as trustees, while the amended complaint named them only in their representative capacity. This does not change the character of the cause of action. The nature of the suit remained the same, and the amended complaint merely dismissed the action as to certain defendants sued personally in the original pleading. Seeking as it does to recover judgment for services rendered in behalf of certain trusts and to impress upon the trust property a lien, the amended complaint filed against the trustees clearly stated a cause of action in equity, for reasons to be hereinafter pointed out. The demurrer was

properly overruled, and the action of the court in proceeding to try the issues without a jury was correct.

We are not in accord with appellants' claim that the original complaint set up a cause of action at law. It was clearly brought in equity to establish the reasonable value of services rendered for the benefit of a trust estate, and while it named the defendants individually, it also joined them in their capacity as trustees. That the amended complaint, which in addition to seeking the value of services rendered also sought to charge the amount thereof against the trust properties and a decree directing payment from the trust funds, stated a cause of action in equity, is beyond question. That creditors such as were respondents here, when required by their contract of employment to look solely to the trust estate for compensation, may proceed in equity for the satisfaction of such claims out of the trust estate, is firmly established as the law of this state. (*Cullinan* v. *Mercantile Trust Co.*, 80 Cal. App. 377 [252 Pac. 647].)

Appellants' next contention is that the action is not one in equity because the contract upon which it is predicated was made at a time prior to the appointment of appellants as trustees by the court and was never ratified or adopted by them as their contract subsequent to their appointment as such trustees, and that the contract is "vague, indefinite and insufficient upon its face". True, the contract was made by appellants as individuals and at a time when they were only unit-holders and interested parties, but it was alleged in the amended complaint and remained unchallenged by the answer thereto that following their appointment as trustees and while acting in that capacity appellants continued to recognize respondents as their attorneys and as the attorneys for all the unit-holders, and accepted and received the benefits of respondents' legal services in contemplation of and with full knowledge and approval of the terms, conditions and provisions of the employment agreement. Such conduct on the part of appellant trustees certainly amounted to a ratification of the existing contract. It was within the scope of their authority as trustees for appellants to avail themselves of respondents' services under the existing agreement, and in so doing they bound the trust property to compensate for such services. (Civ. Code, sec. 2267.) It further appears that such ratification also took the form of making substantial payments by the trustees to respondents on account of

the employment contract following the appointment of appellants as such trustees. We find nothing "vague, indefinite or insufficient" upon the face of the contract, while a review of the findings made by the trial judge indicates that he experienced little, if any, difficulty in construing and interpreting the agreement in question.

Considering the nature of the rights involved in the instant litigation, as indicated by the pleadings and the facts, though legal relief ensued as an incidental part of the judgment herein rendered, nevertheless the gist of the action is for the enforcement of rights against a trust and rights against trust properties, both cognizable in equity, and the proceeding was properly brought in a court of equity. (*Cullinan* v. *Mercantile Trust Co., supra.*) It is a well established rule in this state that in an equitable proceeding a jury trial is not a matter of right, and even though a court may, in the exercise of its discretion, call a jury to assist in the trial of the matter, nevertheless the court is not bound in such a case by the findings of the jury. (15 Cal. Jur. 331, sec. 11; *Cauhape* v. *Security Savings Bank,* 127 Cal. 197 [59 Pac. 589]; *Pomeroy* v. *Collins,* 198 Cal. 46 [243 Pac. 657]; *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 Pac. 1034]; *Ballou* v. *Avery,* 175 Cal. 641 [166 Pac. 1003]; *Bettencourt* v. *Bank of Italy etc. Assn.,* 216 Cal. 174 [13 Pac. (2d) 659].)

Finally, appellants challenge the sufficiency of the findings as being deficient in that they fail to find on the value of respondents' services to each of the trusts of which appellants were trustees. This claim is without merit. As admitted by appellants, the findings declare that the legal services were rendered by respondents as alleged. Then follows a finding as to the value of such services and the balance due respondents. The contract of employment related to all the trusts, and the partial payments made to respondents by appellants on account of the contractual services were made on behalf of all the trusts, while the services were performed as to all the trusts. Each and all of the trusts in behalf of which the trustees negotiated the employment agreement received benefits therefrom, and consequently it must be held that the liability imposed upon the trusts was both joint and several. (Civ. Code, sec. 1659.) The cited section does not require that several obligees to a promise shall receive

benefits in *equal* proportions, but only that the several obligees receive *some* benefit from the contracts.

For the reasons herein set forth, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 13, 1941.