### NATIONAL POPSICLE CORPORATION v. ICYCLAIR, Inc.

#### No. 9695.

Circuit Court of Appeals, Ninth Circuit.

May 14, 1941.

Rehearing Denied June 6, 1941.

J. Calvin Brown, of Los Angeles, Cal., and William H. Mackay, of San Francisco, Cal. (Daniel G. Albert and Harvey C. Price, both of New York City, of counsel), for appellants.

Fred H. Miller, of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment awarding appellees damages for appellees' lost profits caused by a preliminary injunction enjoining appellees from manufacturing and selling popsicles, a confection which appellants had claimed was covered by a patent, held to have been infringed by appellees in a prior decision of the district court. The case has been before us in Icyclair, Inc., et al., v. National Popsicle et al., 9 Cir., 94 F.2d 669, in which we reversed that decision of the lower court and held there was no cause of action for enjoining appellees.

After our mandate was returned to the district court, the matter of the claim of appellees for damages arising from the preliminary injunction was referred to a master. The master conducted a hearing, received evidence, and made a report with a general finding of damages for appellees' lost profits caused by the injunction in the

amount of $18,946.50, and recommended a judgment in the sum of $15,000, the amount of a bond given by appellants on the granting of the injunction. The court adopted the master's report and ordered it to stand as the court's findings of fact and conclusions of law.

The computation of the lost profits involved many factors of accounting over two periods of many months, one, the period of the appellees' business in selling the popsicles and appellees' other products before the injunction, and, the other, the injunction period in which appellees produced and sold a substitute confection along with other products.

The master's report seems to rely in part on findings of the master in an earlier reference in the proceeding leading to the reversed judgment. That proceeding determined the entirely different issue of the appellants' damages for the alleged but non-existing infringement of the claimed popsicle patent. Obviously, the master's preceding findings on an entirely different issue and leading to a reversed judgment are in no way res judicata of any fact relevant to the issue here considered.

Since this is an action which was tried upon the facts without a jury, the court should have found the facts specially. Federal Rules of Civil Procedure 52(a), 28 U.S.C.A. following section 723c. Here, among others, they should have been found with regard to the several factors relevant to the two periods of the accounting. This was not done.

The judgment is vacated and the cause remanded with instructions to make findings as required by Rule 52(a), and thereupon to enter such judgment as may be proper.

Judgment vacated and cause remanded.