Vincent **B.** WELCH, Appellant,

v.

Robert W. SHERWIN et al., Appellees.

No. 16312.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1961.

Decided Feb. 8, 1962.[a]

Louis & S. F. R. v. Gill, 156 U.S. 649, 665, 15 S.Ct. 484, 39 L.Ed. 567 (1895).

Mr. John A. Kendrick, Washington, D. C., with whom Mr. E. Tillman Stirling, Washington, D. C., was on the brief, for appellant.

Mr. Mark P. Friedlander, Washington, D.C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

This is a suit for an attorney's fee of $12,718.41 based upon a written contract under which defendants, members of the Creditors' Committee of an insolvent corporation, "assume[d] responsibility for payment of plaintiff's fees * * * regardless of any arrangement the Creditors' Committee may have or may obtain for reimbursement." After trial, without jury, the District Court found that a discussion between the parties which preceded execution of the contract led the defendants to understand "that in signing the agreement they would be technically liable for attorney's fees and costs, but that * * * if the [debtor] corporation assumed [such] liability * * * the individual creditors would not be held responsible." Finding that the corporation had assumed but had not paid the debt, the court denied recovery under the contract.[1] Plaintiff appeals.

We think the District Court erred. There is no allegation or finding of fraud, mistake or overreaching.[2] And the contemporaneous oral "understanding" upon which the trial court relied contradicts the plain language of the contract.

"[W]here parties enter into a written contract, their rights must be controlled thereby, and, in the absence of fraud or mistake, all evidence of any contemporaneous oral agreement on the same subject matter, contradicting, varying, modifying, or adding to the terms of the written agreement is inadmissible. Shankland v. Mayor, etc., 5 Pet. 390, 30 U.S. 390, 8 L.Ed. 166, affirming Shankland v. Corporation of Washington, Fed.Cas.No. 12,703, 3 Cranch C.C. 328; Selden v. Myers, 20 How. 506, 61 U.S. 506, 15 L.Ed. 976; Willard v. Tayloe, 8 Wall. 557, 75 U. S. 557, 19 L.Ed. 501. The written contract merges all previous negotiations and is presumed, in law, to express the final understanding of the parties. Brawley v. United States, 96 U.S. 168, 24 L.Ed. 622; Van Ness v. Mayor, etc., of City of Washington, 4 Pet. 232, 29 U.S. 232, 7 L. Ed. 842, affirming Van Ness v. United States, Fed.Cas.No. 16,868, 2 Cranch C.C. 376, 2 D.C. 376; Kinney v. Mc-

---

1. The court below awarded plaintiff $505.-83, presumably as third party beneficiary of another contract in which defendants as creditors promised to pay a portion of the Committee's expenses based upon their share of the corporation's debts.

2. Fraud is an affirmative defense which must be pleaded. Fed.R.Civ.P. rule 8(c), 28 U.S.C.A.

Counsel admitted that defendants are experienced businessmen, well aware of the importance of written agreements. Compare Hill v. Marston, 65 App.D.C. 250, 82 F.2d 856 (1936).

Nabb, 44 App.D.C. 340" [Boomhower, Inc. v. Louis L. Lavine, 151 F.Supp. 563, 567 (D.D.C.1957).]

It follows that the instant contract must be enforced as written.

 The question remaining is whether the defendants are jointly liable for the entire fee or severally liable for only a "pro rata" share.[3] We are constrained to hold that they are jointly liable for the entire fee.

The contract provides that "the members of the Committee as such assume[d] responsibility for payment," and contains no words of severance. The general rule is "that the obligation created by the promise of several persons is joint unless the contrary is made evident." 2 Williston, Contracts § 323 (1936). Cf. Restatement, Contracts § 112 (1932). Moreover, the contract identifies the promisors as "the members of the Committee" and discloses an undivided promise to pay the entire fee. This negates the view that each member made a separate promise to pay a pro rata share. See 4 Corbin, Contracts § 925 (1951). Compare Huff v. Doerr, 206 Mo.App. 563, 228 S.W. 849 (1921), with O'Connor v. Hooper, 102 Cal. 528, 36 P. 939 (1894). Cf. Olson v. Forster, 42 Cal.App.2d 493, 109 P.2d 388 (1941). Compare Adriatic Fire Ins. Co. v. Treadwell, 108 U.S. 361, 2 S.Ct. 772, 27 L.Ed. 754 (1883). Finally, the common object of the members of the Creditors' Committee—to secure appellant's legal services—suggests that their liability is joint. 4 Corbin, Contracts § 926 (1951).

Whether the members of the Creditors' Committee are entitled to contribution *inter se* or from other creditors, or both, is not before us.

Reversed and remanded.

---

3. The terms joint, several, and joint and several have occasionally been confused. Co-promisors are liable (1) jointly if all of them have promised the entire performance; or (2) severally if they have promised separate performances. At common law joint promisors had to be joined in a single suit, but any one of them could be compelled to satisfy the entire judgment. 4 Corbin, Contracts §§ 920, 929 (1951). To obviate the necessity for joining all the promisors, and to avoid problems of survivorship, release of co-obligors, and the like, the prom-

isee obtained the promisors' agreement to be liable jointly and severally; i. e., collectively and individually liable for the whole performance.

In this jurisdiction, statutes authorize separate suits against joint promisors even if they have not agreed to be liable jointly and severally. D.C.Code §§ 13-401, 16-901 (1961). Those statutes do not determine, of course, whether each co-promisor has agreed to be liable for the entire performance or only for a part thereof. That determination is governed by the terms of the contract.