Robert W. SHERWIN et al., Appellants,

v.

Vincent B. WELCH, Appellee.

No. 17083.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1963.

Decided May 8, 1963.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellants.

Mr. John A. Kendrick, Washington, D. C., with whom Mr. E. Tillman Stirling, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

BAZELON, Chief Judge.

This appeal is from the action of the District Court following our remand in an earlier appeal in this case.

Appellee Vincent B. Welch (herein "plaintiff") instituted this suit against appellants (herein "defendants") for legal fees of $12,718.41, based upon a written contract dated November 14, 1957. By that contract, the defendants, as members of the Creditors' Committee of an insolvent corporation, assumed responsibility for the payment of plaintiff's fees for legal services rendered on behalf of the Committee. As stated in our opinion on the first appeal:

"After trial, without jury, the District Court found that [an oral] discussion between the parties which preceded execution of the contract led the defendants to understand 'that in signing the agreement they would be technically liable for attorney's fees and costs, but that * * if the [debtor] corporation assumed [such] liability * * * the individual creditors would not be held responsible.' Finding that the corporation had assumed but had not paid the debt, the court denied recovery under the contract." [Welch v. Sherwin, 112 U.S.App.D.C. 124, 125, 300 F.2d 716, 717 (1962).]

We also noted that the trial court did, however, award plaintiff $505.83, "presumably as third party beneficiary of another [subsequently written] contract in which defendants as creditors promised [among themselves] to pay a portion of the Committee's expenses [including counsel fees] based upon their share of the corporation's debts." [1]

1. By the subsequent agreement each creditor undertook to pay only a share of plaintiff's fee calculated on a pro rata basis in relation to all 160–odd creditors, whereas the contract dated November 14, 1957, provided joint liability in the 15 members of the Creditors' Committee for the full amount of the fee.

On the first appeal we held that the District Court erred in giving effect to the oral understanding, and that the contract of November 14, 1957 "must be enforced as written." We further held defendants liable jointly for the entire fee, not merely severally for a pro rata share. We reversed and remanded "for further proceedings not inconsistent with the opinion of this court." [2] Ibid.[3]

On remand the defendants urged that our action required a new trial or at least further proceedings for the determination of certain issues. The District Court disagreed and entered judgment against the defendants for $12,718.41 plus costs and interest. The present appeal followed.

Our judgment of reversal and remand did not necessarily require a complete new trial. The nature and extent of proceedings on a remand should be determined by the District Court according to the circumstances of each case, in the light of any instructions in our mandate.[4] But defendants contend that since the court at the former trial refused to enforce the contract of November 14, 1957 as written, it did not then determine which defendants are bound and what amounts are due from them under that contract. Therefore, they say, on remand further proceedings were required for that determination.

Looking first to the question which defendants are liable, the record shows that defendant Auth Brothers, Inc., did not sign the contract of November 14, 1957, although it did sign the subsequent pro rata agreement. See note 1 supra. This colloquy occurred on remand:

"MR. FRIEDLANDER [Defendants' counsel]: * * * Auth Provision Company is not a signatory to the contract [of November 14, 1957]. They didn't even sign it. * * *

"MR. KENDRICK [Plaintiff's counsel]: Well, I submit, Your Honor, Auth Provision Company, as far as the terms of this [November 14, 1957] contract are concerned, were an undisclosed principal, and [defendant] Sherwin was there as its agent.

"MR. FRIEDLANDER: Where is the finding on that?

"THE COURT: In my conclusions of law [made at the first trial] I say that plaintiff is entitled to judgment against Auth Brothers, Inc. * * *

"MR. FRIEDLANDER: Well, if Your Honor please, if you look you will see where they signed one of those percentage agreements. They did not sign the contract [of November 14, 1957]. Your Honor was holding on percentage agreements and made no finding they were undisclosed principal.

"MR. KENDRICK: I think Your Honor's finding was based on the pro-rata of Auth's indebtedness due it from [the insolvent corporation].

"THE COURT: Well, as a practical matter, Auth isn't going to have Sherwin paying personally.

"MR. FRIEDLANDER: * * * I think the only thing to do, if Your Honor please, is to either try this case again or have the Court of Appeals determine what they meant. They certainly didn't mean to hold somebody who didn't sign the contract when they said the contract must be enforced according to its terms.

"THE COURT: Well, if you can get them to change, give me further di-

---

2. See Gulf Refining Co. v. United States, 269 U.S. 125, 135, 46 S.Ct. 52, 53, 70 L.Ed. 195 (1925).

3. The full text of the judgment does not appear in the published report of our opinion.

4. United States v. 63.04 Acres of Land, etc., 257 F.2d 68 (2d Cir. 1958); Goldstein v. Franklin Square Nat. Bank, 107 F.2d 393 (2d Cir. 1939); cf. Maryland Casualty Co. v. United States, 108 F.2d 784 (4th Cir. 1940); and see 6 Moore's Federal Practice ¶ 59.06–07, 59.16 (1953).

rections up there, you can do it. I will stay the execution of this judgment for 30 days. * * * I am going to leave it the way it is.

"MR. FRIEDLANDER: With Auth being held liable on that contract?

"THE COURT: Yes.

■ It is not clear whether the District Court thought Auth's liability was determined by our prior decision or by its own findings at the original trial. We think neither is a valid basis for holding Auth Brothers, Inc. liable under the contract of November 14, 1957.

■ "It is indisputable as a general proposition that the lower court is bound by [our] mandate as the law of the case and is without power to consider questions which the mandate laid at rest." Washington Sportservice, Inc. v. M. J. Uline Co., 114 U.S.App.D.C. 208, 313 F. 2d 889, 895 (1962) (dissenting opinion[5] and authorities cited therein). It is equally clear, however "that a judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided." Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 553–554, 24 S.Ct. 538, 539, 48 L.Ed. 788 (1904) (quoted in Sportservice, supra). In the first appeal herein, we decided only that (1) the contract "must be enforced as written" and (2) "the defendants * * * are jointly liable for the entire fee." We neither discussed nor decided which defendants were liable, and did not foreclose the District Court from considering on remand whether or not Auth Brothers, Inc. was liable as an undisclosed principal. The original trial determination of Auth's liability under the pro rata agreement it signed was not a determination that it was liable under the contract of November 14, 1957 which it did not sign. Cf. National Popsicle Corp. v. Icyclair,

Inc., 119 F.2d 799 (9th Cir. 1941). Since there are no findings to support a conclusion on that issue, the case must again be remanded for findings of fact and conclusions of law upon that issue, as required by Fed.R.Civ.P. 52(a). For that purpose the court may rely on the record of the original trial, at which there was full opportunity to present evidence and no error in the exclusion or admission of evidence.[6]

■ Next we turn to the question whether the District Court has ever determined the amount due to plaintiff under the contract of November 14, 1957, as written. We think not. At the original trial the court found—

"That between November 14, 1957 and April 18, 1957, Mr. Welch's firm performed services of the reasonable value of $12,870.00 and made expenditures of $533.94 * * *. The total services and costs amounted to $13,403.94.

"That creditors, not including these defendants, have paid $685.53 on account of this indebtedness, leaving a balance due of $12,718.41."

But this finding was made in connection with the court's enforcement of the pro rata agreement. It is not clear from the transcript of the proceedings on remand why the court regarded this finding as also determining the amount of liability under the November 14, 1957 contract as written. It may be that both contracts concern the same fee, and that their difference relates only to the parties liable therefor. But we think the District Court should expressly determine the matter on the remand we order now.

■ To expedite final termination of this litigation, we refer briefly to two matters which may arise on remand. First, defendants have argued that a new trial is needed to try the defense that

5. There was no disagreement between the majority and dissenting opinions in Sportservice over the principles of law involved; the only dispute concerned their application to the particular facts of that case.

6. See cases and authorities cited in note 4 supra; 5 Moore's Federal Practice ¶ 52.06 [2], 52.10 (1951).

plaintiff is barred from recovering his fee because he is not licensed to practice law in Virginia. Even if this defense has not been waived, Fed.R.Civ.P. 12(h), or otherwise eliminated from the case, a matter as to which we intimate no opinion, new evidence concerning this defense need not be taken since both sides had full opportunity to adduce evidence at the trial. Second, defendants suggest that the court below erred in allowing interest "when such item was not contained in the complaint, and the complaint had once been amended to increase its claim." Defendants apparently overlook both the last words of the amended complaint: "plaintiff demands judgment against defendants, jointly and severally in the amount of $12,718.41 *plus costs and interest*" (emphasis supplied), and the statement in defendants' own brief on this appeal that plaintiff claims "$12,718.41 'with interest and costs.' "

Reversed and remanded.