FISTERE, INC., of Washington, D. C., and
Mrs. Ethel M. Fistere, Appellants,

v.

Martin W. HELZ, Appellee.

No. 4008.

District of Columbia Court of Appeals.

Argued Jan. 9, 1967.

Decided Feb. 15, 1967.

Cornelius H. Doherty, Washington, D. C., for appellants.

David S. Barr, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Judge:

Appellee (plaintiff below) sued to recover a refund allegedly due from appellants under a contract for 650 hours of dancing lessons. The total cost of the course, $6,435, had been paid.

The contract in question was a printed form with blank spaces to be filled in for such matters as the total number of hours, price, down payment, and the date when the balance was due. It is not disputed that it was executed in triplicate, by means of carbon paper, and was signed by appellee and by Pat Patrick, the manager of the dance studio. The printed form included the following clause:

"I acknowledge that, instead of the usual rate of $10.00 for each half hour lesson, a reduced rate has been granted to me because of the number of lessons contracted for hereunder and accordingly I agree that this contract is entire and not divisible and may not be cancelled."

Appellee testified that at the time the contract was signed, Miss Patrick and he agreed that it would be cancelable. He introduced into evidence the carbon copy that had been given to him which showed that the words "and may not be cancelled" had been stricken and that the deletion had been initialed "P.P." Further, the due date

of the balance had been changed by writing "May" in ink over the word "April." He was not able to say exactly when the alterations had been made but was certain that before leaving the studio the evening of the signing, he checked his copy of the contract and was satisfied that it expressed their agreement that he would be able to cancel.

Miss Patrick testified that she was the manager of the studio and had complete authority regarding contracts. Although she stated that any alterations made before a contract was signed would appear on all three copies and that she could not recall when the provision in question had been stricken, she testified that she believed the initials "P.P." were hers and that the word "May" was in her handwriting.

Appellants introduced the ribbon copy of the contract which showed no deletions or alterations. Mrs. Fistere, the owner of the dance studio franchise, testified that the contract was not cancelable and that no refund was due, although she admitted that refunds had been granted in "hardship" cases and those involving minors. She did not dispute the fact that Miss Patrick was in complete charge of the studio. Mrs. Fistere was not present when the contract was signed.

The trial judge found that there was a contract; that Miss Patrick had the authority to make alterations in the printed language; and that at the time of making the contract she crossed out the words "and may not be cancelled" on the copy given to appellee. He further found that 125 hours remained unused, and after concluding that the contract was cancelable by appellee at any time for any reason, entered judgment for him. This appeal followed the denial of appellants' motion to set aside the findings and enter judgment in their favor or in the alternative to grant a new trial.

During the trial appellee referred to notes which he said were reproduced

from his diary. Appellants objected to their use, and cite as error the court's action in overruling their objection. The transcript indicates that a proper foundation had been laid for the use of these notes to refresh the memory of the witness. Furthermore, it is settled that the use of such materials is largely within the discretion of the trial judge. See Killeen v. United States, D.C.App., 224 A.2d 302 (1966). We find no abuse of that discretion here.

Appellants next contend that since appellee's complaint alleged he wanted a cancelable contract because business reasons might require him to discontinue his lessons, he should have been limited in his proof and not permitted to show other reasons behind his decision to cancel. They then argue that since the evidence failed to establish that business reasons caused him to discontinue, judgment should have been entered in their favor. The record indicates that appellants were made aware, well in advance of trial, that appellee's contention was that the contract was cancelable for any reason. This was done in an answer to a motion filed sixteen months before trial. They were therefore neither surprised nor misled, and any technical variance between the pleadings and the proof would not be fatal. See Etty v. Federal Consulting Service, D.C.Mun.App., 59 A.2d 692 (1948). Furthermore, since the issue before the court was simply whether or not the contract could be canceled, any testimony as to appellee's motives for canceling, although irrelevant, was not prejudicial.

Appellants next argue that appellee's "copy" of the contract should not have been admitted into evidence, and that after it was admitted, the court erred in interpreting it. We disagree. When a document is executed in duplicate or multiplicate form, each of the parts is deemed an original and may be used without accounting for any other part. IV Wigmore, Evidence § 1233

(3d ed. 1940); 1 Jones, Evidence § 263 (5th ed. 1958). There was thus no error in admitting the contract. When the ribbon copy was later introduced by appellants, the trial judge had to determine several questions of fact including when the deletion was made and what effect it had. He did not err in admitting parol evidence which tended not to contradict or vary the instrument but to explain it. See generally, 2 Jones, op. cit. supra § 466. We find ample support in the record for his conclusion that the effect of striking the words "and may not be cancelled" was that the contract could be canceled, notwithstanding the existence of another clause stating that any verbal modification had to be written into the contract prior to its being signed.

Finally, appellants argue that the court erred in concluding that the contract price of the lessons determined the amount of any refund due. At trial they contended that if fewer than 650 hours were taken during the course, damages should be measured by charging appellee for the lessons already taken, either at the rate of ten dollars per half-hour as recited in the contract, or, in accordance with their practice, at the rate normally charged for a 500-hour lesson plan ($12.50 per hour) since that plan would have been most nearly completed by the number of hours already taken. The record indicates that the trial judge refused to look outside the contract for proof of damages and that he believed the ten dollars per half-hour figure to be a mere recital emphasizing the bargain appellee was getting for signing up for a large block of lessons. We find no error in his determination. Extrinsic or parol evidence which tends to contradict, vary, add to, or subtract from the terms of a written contract must be excluded. 2 Jones, supra; see Welch v. Sherwin, 112 U.S.App.D.C. 124, 300 F.2d 716 (1962). The contract was clear on its face that the price appellee was charged per hour was $9.90 ($6,435 divided by 650 hours). The trial court found that 125 hours were unused at the

time of cancellation and that appellee was therefore entitled to a refund of $1,237.50 (125 hours multiplied by $9.90). Its findings were in all respects proper.

Affirmed.