S–CREEK RANCH, INC., a corporation,
Appellant (Plaintiff below),

v.

MONIER & COMPANY et al., Appellees
(Defendants below).

No. 4275.

Supreme Court of Wyoming.

Jan. 31, 1974.

J. T. Langdon, Worland, William H. Sherwood of Sherwood & Poff, Oxford, Neb., for appellant.

Elmer J. Scott of Scott & Joffe, Worland, for appellees.

Before PARKER, C. J., McEWAN, GUTHRIE and McCLINTOCK, JJ., and PEARSON, D. J. (R.).

PER CURIAM.

This is an appeal from the actions of the trial court making a final disposal hereof pursuant to our earlier opinion and mandate, S–Creek Ranch, Inc. v. Monier & Company, Wyo., 509 P.2d 777. The trial court on August 1, 1973, amended its original judgment by the following findings:

"1. The ewes in question did not have vibriosis on March 26, 1970, the date of their delivery to the buyers.

"2. That therefore no additional evidence is required to be received in order to comply with the opinion of the Supreme Court dated May 7, 1973.

"3. In making the above finding the Court reviewed the entire transcript of evidence excepting the Hibbs letter, which was disregarded."

and reaffirmed the judgment in all other particulars. Appellant raises a myriad of questions and objections thereto but because of our disposal hereof we cannot reach nor would it be proper to consider or discuss them. The original opinion and mandate herein did not reverse nor order a new trial and concluded with this instruction to the trial court:

"Remanded for further proceedings consistent herewith."

This court's intention was properly interpreted by the trial judge. It was thereby left to the discretion of the said judge to

determine if the record was sufficient or should be supplemented to effectuate the commands of this mandate. See Lane v. Missouri-Kansas-Texas Railroad Company of Texas, 5 Cir., 223 F.2d 159, 160.

This court made a most complete examination of the record in its earlier disposal and might well have made such finding therefrom. However, because there was conflicting testimony and the trial court had heard the witnesses, we deemed it better practice to direct that the trial judge make the determination. It was felt to be improper to substitute our judgment for that of the trial judge in this area.

The trial court in its original proceedings did not pass upon the sufficiency of the evidence to sustain a finding that the sheep were not infected on March 26 and thus this court did not pass upon that question in the original appeal. Under these facts it was not improper for the trial court to proceed to a disposition thereof without receiving further evidence, Imperial Chemical Industries Limited v. National Distillers and Chemical Corporation, 2 Cir., 354 F.2d 459, 462–463, 19 A.L.R.3d 492, 502. Findings and conclusions on remand may be made on the record or supplemented by additional evidence, Kelly v. Page, 5 Cir., 335 F.2d 114, 118; Sherwin v. Welch, 115 U.S.App.D.C. 328, 319 F.2d 729, 732. The record of the trial of this case reveals a lengthy presentation with full untrammeled opportunity for hearing.

■ Where a case was tried to a court and the court erred as to a rule of law in arriving at its judgment, the case may not necessarily always be remanded for a new trial; and where the factual situation was fully explored there is little reason for a new trial, Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 545, 550, 141 N.W.2d 924.

■ There is one question which may be proper to mention in passing, and that is the motion for change of judge made on behalf of these appellants on May 21, 1973, which was considerably prior to the date of the mandate of this court on June 8.

This motion in no manner complies with our Rule 40.1, W.R.C.P., as to time of filing nor is there any certificate attached thereto as required by the rule, Barbour v. Barbour (1974), Wyo., 518 P.2d 12. It might be further observed that to allow a change of judge at this time would be to create an abomination of judicial administration and thwart proceedings when the court remanded the same for a specific purpose.

The judgment of the trial court is affirmed.